UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MATTHEWS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-01171<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Michael Matthews ("Matthews) filed a complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging negligent treatment of his back injuries by various individuals at United States Penitentiary, Canaan ("USP-Canaan"). Pursuant to 28 U.S.C. § 1915A, the Court will dismiss the individual defendants and permit Matthews to proceed on his FTCA claim against the United States.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

On July 16, 2024, the Court received and docketed a complaint from Matthews, an inmate at USP-Canaan, against four defendants. (Doc. 1). Matthews paid the requisite filing fee and did not seek leave to proceed *in forma pauperis*.

In his complaint, Matthews alleges that he has spinal stenosis and spondylolisthesis, which cause him severe pain. Matthews alleges that USP-Canaan is not able to adequately treat his injuries because it does not offer recovery rooms, equipment, therapy, or a doctor on-site at all hours. The prison is on lockdown "almost 65 percent of the time," during which medical providers do not make their normal rounds and Matthews is confined to an 8-foot by 12-foot cell, which exacerbates his "stiffness, aches and pain." Matthews requested a transfer to another facility, and a member of the medical staff told him that his transfer was being

"deferred" until he could receive updated medical imaging, but he has been waiting for that medical imaging since February 2024. (Doc. 1, at 2-3, ¶¶ 11, 16, 20-22).

Further, Matthews alleges that unnamed medical staff at USP-Canaan have been negligent in treating his severe pain, by offering "non[-]responsive medical care," "inconsistent follow-up," and "wrongly prescribed medication." Matthews alleges he has not received epidural injections as frequently as he needs them, and that a surgery "needed to repair" his injuries has "gone overlooked." On one occasion, an appointment with a surgeon had to be cancelled because the officers transporting Matthews to the hospital were not given his medical records. (Doc. 1, at 1-2, ¶¶ 2-3, 5, 12).

Matthews filed an administrative claim for relief under the Federal Tort Claims Act, which was denied on June 13, 2024. (Doc. 1-1). He then filed this complaint, naming four defendants: the United States, Warden Fernando Garza, Medical Director Diane Sommers, and Heather Walters (described only as a "care provider"). He claims damages of $30,000.00 "for personal injury that resulted out of negligence[] and inadequate care."

**II.     28 U.S.C. § 1915A S**CREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal

2

Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor

need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative

4

amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

Matthews brings a claim under the Federal Tort Claims Act ("FTCA"). Generally speaking, "[t]he United States, 'as a sovereign, is immune from suit unless it consents to be sued.'" *See S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012) (quoting *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008)). The FTCA, however, authorizes suits against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

As explained by the Supreme Court, in order to state a claim under the FTCA, a plaintiff must plausibly allege the following six elements: "'[1] [a claim] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *See Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b))). In addition, the plaintiff must present his administrative claim "to the appropriate Federal agency[,]" and receive a final decision on the claim, before filing suit against the United States. 28 U.S.C. § 2675(a).

It is unclear which employees Matthews believes are responsible for the various problems he describes. However, he provides enough detail to support a plausible inference that his injuries were exacerbated by negligent acts or omissions of USP-Canaan employees acting within the scope of their employment. *See, e.g., Castro v. United States*, No. 1:21-CV-02162, 2023 WL 1804869 (M.D. Pa. Feb. 7, 2023) (court directed service of FTCA complaint alleging that "medical staff are not providing adequate medical care" for plaintiff's "long COVID"). He has also received a final decision on his administrative claim. However, Matthews cannot sue individual employees under the FTCA. "The only proper defendant in an FTCA suit is the United States itself." *Feaster v. Federal Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010). Accordingly, the Court will dismiss Defendants Garza, Sommers, and Walters.[1] *See, e.g., Hampton v. Jones*, No. 1:19-CV-751, 2021 WL 9541608, at *6 (M.D. Pa. Aug. 2, 2021), report and recommendation adopted, No. 1:19-CV-751, 2021 WL 9541609 (M.D. Pa. Sept. 29, 2021).

## IV. MOTION FOR EXTENSION OF TIME

Matthews also filed a motion seeking an extension of time to "commence his civil action" and to submit a brief. (Doc. 8). He states that USP-Canaan is on lockdown and he is unable to do legal research or make copies. Because briefing is not required at this stage of the case, the request will be denied as moot. To the extent Matthews requires additional time to meet any future deadlines in this case, he may renew his motion after those deadlines are set.

---

[1] Matthews does not assert an Eighth Amendment violation based on denial of adequate medical care. Even if such a claim was intended pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Matthews does not allege facts supporting a reasonable inference that any of the defendants was personally involved in his medical treatment. *See Ruiz v. Fed. Bureau of Prisons*, 481 F. App'x 738, 741 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. 662, 677 (2009)).

## V. CONCLUSION

The Court will permit Matthews to proceed on his FTCA claim against the United States and dismiss the individual defendants. An appropriate Order follows.

Dated: December 10, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**