**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL MATTHEWS, | |
| Plaintiff | CIVIL ACTION NO. 3:24-CV-01171 |
| v. | (MEHALCHICK, J.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM

This matter is before the Court on Plaintiff Michael Matthews's motion for summary judgment (Doc. 32), his request to increase the damages request for his Federal Tort Claims Act ("FTCA") claim from $30,000.00 to $400,000.00 (Doc. 33) ,[1] and his motion requesting a judicial settlement conference (Doc. 39).[2] For the following reasons, Matthews will be permitted to amend his damages request, but his remaining motions will be denied without prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In brief,[3] Matthews's complaint (Doc. 1) alleges that he was diagnosed with spinal stenosis and spondylolisthesis in March 2022, while incarcerated at USP Canaan. He alleges

---

[1] Although initially styled as a motion to amend the complaint, the Court construed the motion as a request to increase his damage demand and directed the defendant to respond accordingly. *See* (Doc. 37).

[2] This motion will be denied, because the defendant has indicated that it plans to seek summary judgment and is not currently amenable to settlement. *See* (Doc. 44 at 9). After summary judgment motions are resolved, the Court may recommend this case for settlement or mediation if appropriate.

[3] The complaint is more fully summarized in the Court's December 10, 2024, memorandum (Doc. 13).

that the prison was not able to adequately treat his injuries because it did not have appropriate medical facilities; that the medical personnel who treated him there were negligent in various aspects of his care; and that his request to be transferred was improperly "deferred." Matthews initially filed an administrative claim for $30,000.00, which the agency received on January 23, 2024 (Doc. 1-1); when that claim was denied, he filed his complaint in this Court on July 16, 2024. On April 8, 2025, he was transferred from USP Canaan to the Medical Center for Federal Prisoners in Springfield, Missouri. *See* (Doc. 44-1, Matthews Dep. 37:2-12).

Matthews alleges that his injuries are worsening, and requests to amend his damages request to "seek[] the amount of [$400,000.00] in punitive and compensatory as well as future damages for medical expenses et cetera . . ." (Doc. 33 at 3). He has also filed a motion for summary judgment (Doc. 32).

## II.    DISCUSSION

First, Matthews's summary judgment motion must be denied. To obtain summary judgment, a party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show that there is no genuine dispute of fact, the party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The party must also submit a separate statement of material facts with "references to the parts of the record that support the statements." M.D. Pa. L.R. 56.1. In other words, a plaintiff cannot simply make allegations about what the defendant did or should have done: the plaintiff must point to the specific evidence that proves each of his allegations.

2

By these standards, Matthews's motion must be denied because it is unsupported by evidence.[4] In the section of the filing labeled "Statement of Facts," he describes a single incident in which unspecified officers "purposefully neglected to bring or take" paperwork to his medical appointment at a hospital, which "caused the hospital to cancel the visit" and caused "lots of pain and suffering." However, he fails to point to evidence in the record that supports these allegations. Therefore, his motion will be denied without prejudice to a motion that meets the requirements described above.

Next, the Court considers Matthews's request to increase his damages demand. In general, an FTCA claim may not be brought "for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b). If the claimant discovers during the administrative claim process that the damages will exceed the initial estimate, the claimant is permitted to amend the claim "at any time prior to final agency action." *See* 28 C.F.R. § 14.2(c); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 459 (3d Cir. 2010). Once the agency has resolved the claim, a plaintiff can only request additional damages in federal court if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of

---

[4] In a section of the filing labeled "Declaration," Matthews argues that "[t]he complaint alleges [he] was deprived of medical care" and that he is entitled to summary judgment. For summary judgment purposes, the purpose of a declaration is not to make legal arguments, but to set forth specific facts from the declarant's personal knowledge as evidence. *See* Fed. R. Civ. P. 56(c)(4). In addition, a declaration must be either sworn or signed under penalty of perjury, which this filing was not. *See Lauria v. Lieb*, 152 F.4th 549, 552 (3d Cir. 2025); 28 U.S.C. § 1746.

Matthews's arguments in his reply brief that the "record is clear" and that the defendant has "provided no evidence that the complaint . . . does not have merit" (Doc. 48) are insufficient. As the party seeking summary judgment, Matthews is responsible for putting forth the evidence to establish his claim.

intervening facts[] relating to the amount of the claim." 28 U.S.C. § 2675(b); *see White-Squire,* 592 F.3d at 457-58. A claim has been "presented" when the initial Notice of Tort Claim is filed. *See*, *e.g.*, *Wiggins v. Bledsoe*, No. 3:11-CV-1298, 2019 WL 4082561, at *6-7 (M.D. Pa. Aug. 29, 2019); *McLean v. United States*, No. 1:14-CV-02298, 2018 WL 623849, at *2-3 (M.D. Pa. Jan. 30, 2018).

Circuit courts are split as to the precise standard for "newly discovered evidence not reasonably discoverable," and the Third Circuit Court of Appeals has not addressed the question. However, courts in this district have generally concluded that a damage demand may be increased for worsening injuries "when the claimant either did not know or reasonably could not have known the severity of the injury at the time the FTCA tort claim notice was filed." *See Wiggins*, 2019 WL 4082561, at *4-5 (summarizing case law); *Njos v. Kane*, No. 3:12-CV-1252, 2015 WL 999398, at *3 (M.D. Pa. Mar. 5, 2015); *see also Torres v. United States*, No. 5:21-CV-04953, 2022 WL 2115996, at *5 (E.D. Pa. June 13, 2022) ("[T]he majority of district courts in the Third Circuit, as well as the majority of other circuit courts have applied the reasonably discoverable/reasonably foreseeable test.").

Matthews cannot seek damages for every complaint he has about his ongoing medical care. His claim in this case is that beginning in March 2022, medical staff at USP Canaan were negligent in treating his back and shoulder injuries, and that unspecified prison staff were negligent in failing to transfer him to a different facility. *See* (Doc. 1 at 1-2; Doc. 1-1). Therefore, the Court's analysis is limited to the issue of whether those specific injuries became

4

worse in a way that was not foreseeable when he filed his Notice of Tort Claim at some point before January 23, 2024.[5]

Upon review of the record, including Matthews's deposition and the limited medical evidence presented thus far, it appears that Matthews has met that standard as to at least one of his injuries. Prior to January 2024, his back and shoulder pain were being treated with epidural injections. Matthews's initial claim to the agency alleged that the injections were offered too infrequently to relieve his pain. *See* (Doc. 30-1 at 15 (October 19, 2023, evaluation)); (Doc. 44-1, Matthews Dep. 43:19-44-18, 55:19-56:3, 57:9-57:25). However, Matthews has testified that in February 2024, a physical therapist told him he would likely need a shoulder replacement:

> She said that from the extent of my injuries, that what she see[s] through the MRIs . . . it's going to probably call for total shoulder replacement . . . She told me the procedures of the surgery and oh God, how painful it was going to be. Man, that had me tearing up, man . . . And she told me the extent of how much physical therapy I'm going to need after the surgery and all of that.

(Doc. 44-1, Matthews Dep. 64:1-21). This testimony is corroborated to some extent by the BOP's own notes of his February 8, 2024, medical appointment. *See* (Doc. 1-2 at 3) ("Discussed ortho recommendations for . . . possible shoulder replacement. Discussed what rehab looks like after a shoulder replacement. [Patient] became tearful when discussing possible need for surgery."). This evidence suggests that Matthews "either did not know or reasonably could not have known" prior to February 2024 that his shoulder injuries had progressed to a point that he needed surgery. *See Njos*, 2015 WL 999398, at *3 ("At the time Plaintiff filed his administrative claim on March 1, 2012, he was told that his knee injuries

---

[5] The notice itself is not in the record, but the agency's response indicates that the claim was "properly received on January 23, 2024." (Doc. 1-1).

would heal on their own, and that he only required Motrin and occasional injections . . . It was not until after submission of the claim that [surgery was] required and performed.").

The Court reiterates that these findings do not permit Matthews to expand his claim to encompass every "chronic medical condition" that he claims is "not be[ing] attended to." (Doc. 33 at 2). Moreover, he would not be entitled to punitive damages under the FTCA. *See* 28 U.S.C. § 2674. He still must prove that his injuries are attributable to an "unwarranted departure from generally accepted standards of medical practice," and that the resulting harm justifies the damages he claims. *See Jackson v. United States*, No. 1:20-CV-165, 2021 WL 5359161, at *3 (M.D. Pa. Nov. 17, 2021) (describing the standards for an FTCA claim of medical negligence under Pennsylvania law) (citations omitted).

## III.   CONCLUSION

For the foregoing reasons, the Court will grant Matthews's request to increase the *ad damnum* damages request for his FTCA claim to $400,000.00. The Court will deny his motions for summary judgment and a judicial settlement conference without prejudice, and extend the time for the parties to seek summary judgment based on his amended damages demand. An appropriate order follows.

Dated: February 25, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**